# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NIKI McGUIRE,

    Plaintiff,

NORTHWEST AREA SCHOOL DISTRICT; and HUNLOCK CREEK ELEMENTARY SCHOOL

    Defendants.

CIVIL ACTION NO. 3:11-CV-1022

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Defendants' Motion to Dismiss (Doc. 5) of Plaintiff's Complaint (Doc. 1). McGuire's action stems from an alleged sexual assault that occurred against her in Defendant Hunlock Creek Elementary School's bathroom on November 7, 1997. Plaintiff alleges that by allowing the assault to occur, Defendants caused a denial of Plaintiff's right of equal protection. Plaintiff therefore asserts a claim under 42 U.S.C. § 1983, as well as several state-law tort claims. In their Motion to Dismiss, the Defendants claim that Plaintiff fails to state a claim on her Fourteenth Amendment action and that the Court should decline to exercise supplemental jurisdiction against Plaintiff's state-law claims, which they argue also fail to state claims upon which relief can be granted. As McGuire fails to sufficiently plead an equal protection claim, the Court will grant Defendant's Motion to Dismiss and will decline supplemental jurisdiction over the remaining state-law claims.

## I. BACKGROUND

On November 7, 1997, while McGuire was a student at Hunlock Creek Elementary

School, a seventeen (17) year-old male sexually assaulted her in the school's restroom. (Compl. at ¶¶ 6-9, Doc. 1). He was not a student and he was not permitted to be on the premises. (*Id.* at ¶¶ 9-10). As a result of the assault, Plaintiff has suffered physical and psychological harm. (*Id.* at ¶ 13). McGuire alleges that the Defendants' lack of supervision, lack of security, and failure to take legal action against the assailant deprived her of her right of equal protection secured by the Fourteenth Amendment. (*Id.* at ¶¶ 14-17). On May 27, 2011, Plaintiff brought the instant action alleging claims under 42 U.S.C. § 1983 and various state-law tort claims. (Doc. 1).

Defendants have moved to dismiss, stating, in essence, that each of Plaintiff's claims fails as a matter of law. (Doc. 5). The issue has been fully briefed and is ripe for review.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211.  Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

**B. Plaintiff's Fourteenth Amendment Claim**

Section 1983 allows actions for damages against individuals for the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (internal quotation omitted). To prevail in an action under Section 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

McGuire founds her Section 1983 claim upon the Equal Protection Clause of the Fourteenth Amendment, which mandates that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Fundamentally, this is a requirement that "all persons similarly situated should be treated alike." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citation omitted). "In order to bring a successful section 1983 claim for the denial of equal protection, plaintiffs must prove the existence of purposeful discrimination." *Id.* (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)).

The Court determines that the Complaint fails to plead any such disparate treatment, much less allege that any such differences were intentional. Assuming as true all facts in McGuire's Complaint, she still fails to allege the necessary components of an equal

protection cause of action. Instead, McGuire's claim is wholly predicated on the bare legal conclusion that she was "deprived of her right of equal protection." (Compl. at ¶ 14, Doc. 1). Aside from the conclusory allegation that the "Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's Constitutional rights," (Compl. at ¶ 12, Doc. 1), there are no further factual allegations that could lend plausibility to McGuire's equal protection claim. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The closest Plaintiff comes to meeting this pleading standard is her statement in her brief that "the school failed to protect her safety as it did other students." (Doc. 9 at 7). While this may be true, it is not an allegation that the school purposely treated the Plaintiff any differently from any other similarly situated students, as is required for a claim under the Fourteenth Amendment. *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005). Specifically, McGuire fails to present any factual allegations of disparate treatment as her victimization alone does not automatically constitute a denial of equal protection. While it is extremely misfortunate that harm ultimately befell the Plaintiff, the Complaint is devoid of any suggestion as to how the Defendants caused McGuire to suffer less protection than any other individual. Therefore, McGuire's Complaint fails to state a claim upon which relief can be granted and the Court will grant the Defendants' Motion to Dismiss her Section 1983 claim.

Of course, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."

*Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Furthermore, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave when justice so requires." This principle applies equally in situations where a Plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the Plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245. Therefore, the Court will afford McGuire an opportunity to amend her Complaint.

### C. State Law Claims

District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may refuse to exercise such jurisdiction where, as in the instant case, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In fact, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Here, the Court finds no such affirmative justifications to warrant the exercise of supplemental jurisdiction. Therefore, if Plaintiff's action is ultimately dismissed, I will decline to exercise supplemental jurisdiction over any remaining state-law claims.

### III. CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 5). Plaintiff will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in a dismissal of this action. An appropriate order follows.

| | |
|---|---|
| November 8, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NIKI McGUIRE,<br><br>    Plaintiff,<br><br>NORTHWEST AREA SCHOOL DISTRICT; and HUNLOCK CREEK ELEMENTARY SCHOOL<br><br>    Defendants. | CIVIL ACTION NO. 3:11-CV-1022<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 8th day of November, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED** and the Complaint (Doc. 1) is **DISMISSED**.

The Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint. Failure to do so will result in the dismissal of this action.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge