**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NIKI McGUIRE,

        Plaintiff,

NORTHWEST AREA SCHOOL
DISTRICT; and HUNLOCK CREEK
ELEMENTARY SCHOOL

        Defendants.

CIVIL ACTION NO. 3:11-CV-1022

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 14.)  Plaintiff Niki McGuire's action stems from an alleged sexual assault that occurred against her in Defendant Hunlock Creek Elementary School's bathroom on November 7, 1997.  Plaintiff alleges that by allowing the assault to occur, Defendants caused a denial of Plaintiff's right of equal protection.  Plaintiff therefore asserts a claim under 42 U.S.C. § 1983, as well as several state-law tort claims.  As McGuire fails to sufficiently plead an equal protection claim, the Court will grant Defendants' Motion to Dismiss and will decline supplemental jurisdiction over the remaining state-law claims.

## I. BACKGROUND

Plaintiff alleges the following facts which are essentially identical to those contained within her original Complaint.  On November 7, 1997, while McGuire was a student at Hunlock Creek Elementary School, a seventeen (17) year-old male sexually assaulted her in the school's restroom.  The assailant was not a student and he was not permitted to be on the premises, although the Defendants were aware of his repeated visits to the school.

Plaintiff alleges the harm that befell her was ultimately foreseeable, and that McGuire was "the only student in their custody that Defendants failed to keep free from harm at the hands of [the assailant]." (Am. Compl. at ¶ 19, Doc. 13.) As a result of the assault, McGuire has suffered physical and psychological harm.

McGuire filed her original Complaint with the Court on May 27, 2011, alleging a violation of her right of equal protection under the Fourteenth Amendment and various state-law tort claims. (Doc. 1.) The Defendants moved to dismiss that Complaint, and the Court granted that Motion as to McGuire's constitutional claim–holding that McGuire failed "to present any factual allegations of disparate treatment as her victimization alone does not automatically constitute a denial of equal protection." *McGuire v. Nw. Area Sch. Dist.*, 3:11-CV-1022, 2011 WL 5444084 at *3 (M.D. Pa. Nov. 9, 2011). The Court declined to exercise supplemental jurisdiction over the state-law tort claims, but granted McGuire leave to file an amended complaint.

In her Amended Complaint, McGuire again brings a claim under 42 U.S.C. § 1983 for a violation of her Fourteenth Amendment right to equal protection, alleging specifically that she was "deprived of her equal protection in that Defendants failed to prevent or stop her attack and she was the only student so harmed." (Am. Compl. at ¶ 31, Doc. 13.) She also lodges state-law claims against the Defendants, including assault, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, gross negligence, negligent hiring, retention, and supervision. The Defendants have again moved to dismiss, stating, in essence, that each of Plaintiff's claims still fails as a matter of law. (Doc. 14.) The Motion has been fully briefed and is ripe for the Court's review.

## II. DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike

3

conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington*

4

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

### B.   Plaintiff's Fourteenth Amendment Claim

Section 1983 allows actions for damages against individuals for the "deprivation of any rights, privileges, or immunities secured by the Constitution."   42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."   *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (internal quotation omitted).   To prevail in an action under Section 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law.   *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

McGuire founds her Section 1983 claim upon the Equal Protection Clause of the Fourteenth Amendment, which mandates that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."   U.S. Const. amend. XIV, § 1. Fundamentally, this is a requirement that "all persons similarly situated should be treated alike."   *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citation omitted).   "In order to bring a successful section 1983 claim for the denial of equal protection, plaintiffs must prove the existence of purposeful discrimination."   *Id.* (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)).   Moreover, a plaintiff may proceed on an equal protection violation as a "class of one" by alleging that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."   *Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 860 (3d

Cir. 2012) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

The essence of McGuire's constitutional claim is the Defendants' "failure to afford Plaintiff the same level of protection they afforded other students at Hunlock Creek Elementary School during all relevant times." (Am. Compl. at ¶ 33(h), Doc. 13.)   This is a "legal conclusion not entitled to the assumption of truth."   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1949-50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Moreover, this conclusion does not find plausibility from the pleadings contained within the Amended Complaint.  Those pleadings allege that the Defendants were, in general, "deliberately and recklessly indifferent . . . to the need for proper security and supervision" even though they knew that the assailant frequented the school.   (Am. Compl. at ¶ 33, Doc. 13.)   In particular, the Defendants maintained inadequate supervision and security over the school which ultimately culminated in McGuire's assault.  However, assuming these allegations to be true, none of them reflect that the Defendants in any way had singled out McGuire to "receive[] different treatment from that received by other individuals similarly situated."  *Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009) (quoting *Andrews*, 895 F.2d at 1478).  Instead, McGuire's injury is more analogous to getting run down by a negligently-driven government vehicle.  While the driver may be an obvious tortfeasor, the unfortunate victim was not purposely selected for injury and was therefore not denied a constitutional right to equal protection.  Assuming *arguendo* that McGuire's injury was a result of tortious conduct on the part of the Defendants, that she alone suffered does not

6

transform her claim into one for a violation of equal protection under any equal protection theory. Instead, McGuire argues that the Defendants' intent can be inferred from her allegations that they knew of the assailants' presence. (Pl.'s Br. at 9, Doc. 17.) This is not compelling as it cannot be inferred from the allegations that the Defendants intended harm to befall McGuire specifically. As such, McGuire's Amended Complaint, like her original Complaint, fails to allege the necessary components of an equal protection cause of action. Therefore, McGuire's Amended Complaint fails to state a claim upon which relief can be granted and the Court will grant the Defendants' Motion to Dismiss her Section 1983 claim. Since McGuire has been given a prior opportunity to amend her constitutional claim and has been unable to successfully do so, I find further leave to amend would be futile and will dismiss this claim with prejudice.

### C.    State Law Claims

District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may refuse to exercise such jurisdiction where, as in the instant case, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In fact, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Here, the Court finds no affirmative justifications to warrant the exercise of

Case 3:11-cv-01022-ARC   Document 20   Filed 04/05/12   Page 8 of 8

supplemental jurisdiction.  Moreover, McGuire does not raise any such justifications despite the Court's November 9, 2011 Memorandum which warned that such supplemental jurisdiction appeared lacking.  Therefore, as Plaintiff's constitutional claim will be dismissed, I will decline to exercise supplemental jurisdiction over the remaining state-law claims and these actions will be dismissed without prejudice to allow McGuire to re-file them in state court if she so desires.

### III. CONCLUSION

As in her original Complaint, Plaintiff Niki McGuire's Amended Complaint fails to allege a viable equal protection claim under the Fourteenth Amendment.  Although she tragically suffered as a result of the Defendants' alleged negligence, McGuire's Amended Complaint does not successfully allege that the Defendants affirmatively treated her in a manner different than others.  Rather, McGuire only alleges that the Defendants' uniformly poor protection ultimately culminated in her injury, and this is not sufficient for an equal protection violation.  Since McGuire was previously granted leave to amend as to this very same infirmity, I find that further leave to amend would be futile and will dismiss the claim with prejudice.  Moreover, the accompanying state-law causes of action will be dismissed without prejudice for a lack of jurisdiction.  An appropriate order follows.


 April 5, 2012                                                                    /s/ A. Richard Caputo
Date                                                                          A. Richard Caputo
                                                                              United States District Judge